IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LENNIE C. WALKER, JR.<br>325 N. Gibson Road<br>Apartment 925<br>Henderson, NV 89014<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530,<br><br>*Defendant.* | Civil Action No.: 1:21-cv-404<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff Louis A. Barham ("Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendant the United States of America ("Defendant" or "United States") on the grounds and in the amount set forth as follows:

### INTRODUCTION

This action for personal injuries arises out of a motor vehicle collision caused by Alexander Dianopolis, an employee of Defendant and while operating a motor vehicle owned by Defendant, in the District of Columbia on or about September 4, 2019.

Plaintiff files this action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) in that Alexander Dianopolis ("Mr. Dianopolis") is a federal employee and committed the alleged negligent conduct while acting within the scope of his employment with the United States Army Criminal Investigation Command.

## PARTIES

1. At all times relevant to this action, Plaintiff Lennie Walker is an adult resident of Nevada.

2. At all times relevant to this action, Alexander Dianopolis was employed by the United States Army Criminal Investigation Command ("Army"), an agency within the U.S. Department of Defense ("DOD"), which is a department of Defendant United States of America.

## JURISDICTION & VENUE

3. Jurisdiction is proper in this Court pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b)(1).

4. The collision that forms the basis of the Complaint occurred in the District of Columbia and venue is grounded in this Court pursuant to 28 U.S.C. § 1391(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On January 30, 2020, Plaintiff submitted a claim to the Army for damages in the amount of Five Hundred and Forty Thousand dollars ($540,000.00) based on the subject collision.

6. On September 8, 2020, the Department of the Army sent notice denying the Plaintiff's claim, which constituted final administrative action on the Plaintiff's claim against the Defendant. *See* Exhibit 1.

7. As of the date of this filing:

   i. More than six (6) months have passed since Plaintiff filed his claim;

   ii. The Army has denied the Plaintiff's claim; and

   iii. This action seeks damages less than or equal to the damages alleged in Plaintiff's January 30, 2020 claim.

8.  Accordingly, Plaintiff has exhausted his administrative remedies and satisfied all prerequisites to maintaining this action in accord with 28 U.S.C. § 2675 *et seq.*

## FACTS

9.  On or about September 4, 2019, Plaintiff Louis Barham was operating a motor vehicle southbound on Maine Avenue, SW, at or near its intersection with 9th Street, SW, in Washington, D.C.

10. On the same date and time, Alexander Dianopolis was operating a motor vehicle on Maine Avenue, SW, in the same direction as the Plaintiff's vehicle.

11. Suddenly and without warning, Mr. Dianopolis negligently drove his vehicle into the rear of the Plaintiff's vehicle, thereby causing a collision, and further causing the Plaintiff to sustain serious personal injuries and other harms described herein.

12. The Plaintiff neither caused nor contributed to the collision or his injuries.

13. At the time of the aforementioned collision, Mr. Dianopolis was employed by the United States Army Criminal Investigation Command ("Army"), an agency within the United States Department of Defense ("DOC"), which is a department of Defendant United States of America.

14. At the time of the aforementioned collision, Mr. Dianopolis operated Defendant's motor vehicle with Defendant's knowledge and consent and within the scope of his employment with the Army.

15. Following the collision, Plaintiff received medical treatment from various medical providers for the injuries directly and proximately caused in the subject motor vehicle collision.

## COUNT I – NEGLIGENCE & VIACARIOUS LIABLITY

16. Plaintiff re-alleges, adopts and incorporates herein by reference all preceding paragraphs as if fully set forth herein.

17. Mr. Dianopolis owed Plaintiff a duty of care to responsibly operate his motor vehicle in accordance with District of Columbia law and to avoid colliding with other vehicles.

18. Mr. Dianopolis breached his aforesaid duty of care while acting within the scope of his employment and as a federal employee by operating his motor vehicle in a careless and negligent manner, and was further negligent in the following particulars:

    (a) Failing to observe other vehicles on the roadway;

    (b) Failing to slow or stop the vehicle he was operating so as to avoid a collision;

    (c) Failing to maintain and stop the vehicle he was operating within the assured clear distance ahead in violation applicable law;

    (d) Failing to apply the brakes to the vehicle he was operating or take other evasive action to avoid the collision;

    (e) Failing to maintain adequate control of the vehicle he was operating in order to avoid a collision;

    (f) Moving his vehicle when not safe to do so in violation of applicable law;

    (g) Operating his vehicle in careless disregard for the safety of persons and/or property in violation of applicable law;

    (h) Failing to keep his vehicle under proper and adequate control so as not to expose other users to an unreasonable risk of harm;

    (i) Operating his vehicle too fast for the conditions existing at the aforesaid time and place in violation of applicable law;

    (j) Failing to keep alert and maintain a proper lookout for the presence of other motor vehicles on the streets and highways;

    (k) Exceeding the applicable maximum speed limits in violation of applicable law;

(l)      In operating the vehicle so as to create a dangerous situation for other vehicles on the roadway;

(m)      Failing to stay alert to traffic;

(n)      Failing to keep her eyes on the roadway;

(o)      Failing to yield the right-of-way;

(p)      Failing to maintain proper lane; and

(q)      Otherwise operating his vehicle at an unsafe speed and in a careless and negligent manner.

19. As a direct and proximate result of Mr. Dianopolis' aforesaid breach of his duty of care, Mr. Dianopolis struck Plaintiff, thereby causing Plaintiff to suffer personal injuries, pain and suffering, and other pecuniary and non-economic losses.

20. As a direct and proximate result of Mr. Dianopolis' aforesaid breach of his duty of care, Plaintiff incurred medical and related expenses, transportation costs, lost wages, loss of employment opportunity, loss of time and enjoyment from his usual and customary leisure and recreational activities, and other non-economic losses.

21. At all times relevant to this action, Mr. Dianopolis was working as an employee or agent for the Defendant United States. The Defendant is therefore vicariously liable for the aforesaid negligence of Mr. Dianopolis and damages to the Plaintiff under the doctrine of *respondeat superior*. Defendant, as the owner of the vehicle operated by Mr. Dianopolis, is also responsible for the aforesaid negligence of Mr. Dianopolis and damages to the Plaintiff pursuant to D.C. Code § 50-1301.08.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lennie C. Walker, Jr. demands judgment from and against Defendant United States of America in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) in compensatory damages, plus interest, costs, and such further relief as the Court may find just and reasonable.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 15, 2021

                                        Respectfully submitted,

                                        /S/ BRADLEY W. HINES
                                        Bradley W. Hines, Esq. [1013087]
                                        SLOCUMB LAW FIRM, LLC
                                        1225 I Street NW
                                        Suite 550A
                                        Washington, D.C. 20005
                                        Tel: (202) 737-4141
                                        Fax: (202) 609-9954
                                        bhines@slocumblaw.com

                                        *Counsel for Plaintiff*

**EXHIBIT 1**



**DEPARTMENT OF THE ARMY**
U.S. ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE, SUITE 5360
FORT GEORGE G. MEADE, MARYLAND 20755-5125

SEP 0 8 2020

+CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Tort Claims Division

SUBJECT: Lennie Walker; Claim No. 20-341-T023

Simba Hodari
Greenberg & Bederman, LLC
1111 Bonifant Street
Silverspring, MD 20910

Dear Mr. Hodari:

    This notice constitutes final administrative action on your client's claim against the United States in the amount of $540,000 for property damage and personal injury allegedly resulting from a motor vehicle accident involving a government vehicle at 1000 Maine Avenue, Washington, DC, on September 4, 2019.

    I must inform you that your client's claim is denied. The claim was considered under the Federal Tort Claims Act (FTCA), Title 28 of the United States Code, Sections 2671-2680. The FTCA provides that the United States is liable as though it were a private person in the state where the act or omission occurred. 28 U.S.C. 1346(b), 2674. Since the accident occurred in Washington, DC, the substantive law of the District applies. In Washington, DC, the elements of negligence are: 1) a duty of care owed by the defendant to the plaintiff, 2) a breach of that duty by the defendant, and 3) damage to the interests of the plaintiff, proximately caused by the breach. As noted in Prins-Stairs v. Anden Group, 655 A.2d 842 (Wash. DC, 1995), even when there is a breach of duty, for an award to be granted, there must be proximate causation. That case is similar to Mr. Walker's claim. Both incidents involved a very low-speed (less than 5 mph) incident; both Prins-Stairs and Mr. Walker had prior injuries similar to that claimed, and both greatly exaggerated the extent of the incident to their treating physicians. Prins-Stairs claimed the vehicle hitting her was traveling at 30 mph; Mr. Walker noted to Advanced Spine & Posture that the vehicle that hit him was going between 40-50 mph.

    The government vehicle driver and passenger, SSG Dianapolis and SA Frye each independently stated their Chevrolet Suburban was traveling less than 5 mph in heavy traffic and that the contact with Mr. Walker's rental vehicle was more like a rubbing than a collision. They also stated there was no visible damage to the Suburban (which photographs confirm) and no damage to Mr. Walker's rental vehicle. Based on this along with Mr. Walker's exaggeration of the nature of the incident to medical providers, I conclude that SSG Dianapolis' and SA Frye's description of the incident is more credible than Mr. Walker's and that the preponderance of the evidence suggests that

-2-

Mr. Walker did not likely sustain the injuries he alleges from the type of contact that occurred. Regarding the property damage claimed, I note Claimant provided no evidence of any property damage and that the vehicle he was driving was a rental. Mr. Walker, in his June 8, 2020 interview with Mr. Brownwell, stated he did not have to pay anything to the rental company for any damages to the vehicle.

If your client is dissatisfied with the action taken on his claim, he may file suit in an appropriate United States District Court no later than six months from the mailing date of this letter. By law, failure to comply with this time limit forever bars your client from further suit. I am not implying that any such suit, if filed, would be successful.

Sincerely,

*Nicholas M. Satriano*

Nicholas M. Satriano
Supervisory Attorney
Chief, Tort Claims Settlements Division